UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TONY TRIBBLE,              )<br>                          )<br>     Plaintiff,            )<br>                          )<br>     v.                    )<br>                          )<br>ACI FEDERAL INC.,          )<br>                          )<br>     Defendant.            ) | CAUSE NO. 1:23-cv-00532-HAB-SLC |

## OPINION AND ORDER

Before the Court is Plaintiff's motion to compel filed on December 6, 2024, seeking to compel Defendant to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents served on May 2, 2024, and to supplement another document production. (ECF 19). Defendant filed a response to the motion on December 20, 2024, acknowledging that its written discovery responses have not been completed and stating that it would "certainly try" to complete them by December 31, 2024. (ECF 20 at 1). Plaintiff did not file a reply brief, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). For the following reasons, Plaintiff's motion to compel will be granted in part and denied in part without prejudice.

*A. Procedural Background*

Plaintiff filed this employment discrimination suit against Defendant in this Court on December 27, 2023. (ECF 1). On March 6, 2024, the Court conducted a scheduling conference, setting a discovery deadline of December 6, 2024, and a dispositive motions deadline of January 14, 2025. (ECF 15, 16).

On May 2, 2024, Plaintiff served Defendant with his First Set of Interrogatories and First Request for Production of Documents. (ECF 19 ¶ 1; *see* ECF 19-9). On May 9, 2024, Defendant requested a 28-day extension of time to respond, which Plaintiff granted. (ECF 19-1 at 1). On June

24, 2024, Defendant requested another extension to July 16, 2024, to respond, which Plaintiff granted. (*Id.*). On July 16, 2024, Defendant's counsel requested yet another extension to July 26, 2024, which Plaintiff again granted. (*Id.*). On August 19, 2024, Defendant produced some documents to Plaintiff's counsel (*see* ECF 19-2 to ECF 19-5), but it did not produce responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents (ECF 19-1 at 1-2).

On October 7, 2024, Plaintiff's counsel sent a letter to Defendant's counsel about Defendant's failure to produce responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. (*Id*. at 2; *see also* ECF 19-6). The letter also requested that Defendant provide the native format for six .pdf files displaying the terminations of individuals who worked for Defendant from 2020 to 2024, because the documents produced "appear to cut off the words describing the reasons for the individuals' terminations of employment." (ECF 19-6 at 3; *see* ECF 19-2 to ECF 19-5). Plaintiff asked that Defendant provide the responses and supplemental documentation by October 14, 2024. (ECF 19-1 at 2; *see also* ECF 19-6 at 3, 19-7 ¶ 2). On October 22, 2024, Defendant's counsel informed Plaintiff's counsel that his firm had begun drafting the responses and should be able to finalize them by the end of the following week. (ECF 19-1 at 2; *see also* ECF 19-7 ¶ 3).

On November 6, 2024, the parties' counsel talked by telephone regarding the overdue discovery responses and the supplemental documentation requested in the October 7, 2024, letter. (ECF 19-1 at 2; *see also* ECF 19-7 ¶ 4). Defendant's counsel requested another extension to and including November 15, 2024, to produce the documents, which Plaintiff agreed to. (ECF 19-1 at 2; *see also* ECF 19-7 ¶ 4). Nevertheless, on November 18, 2024, Defendant's counsel requested yet

another extension to November 27, 2024, to produce the discovery responses, which Plaintiff again accommodated. (ECF 19-1 at 2; *see also* ECF 19-7 ¶ 4).

On December 6, 2024, having still not received the requested discovery responses and supplemental documents, Plaintiff filed the instant motion to compel. (ECF 19).

### B. Applicable Law

"Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents." *Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009) (citation omitted). Together with the motion to compel, a party must file "a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a); *see* Fed. R. Civ. P. 37(a)(1). "A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond*, 2009 WL 212974, at *1 (citation omitted).

### C. Discussion

Plaintiff's counsel has adequately attempted to confer in good faith with Defendant's counsel in an effort to resolve this discovery matter without Court action. (*See* ECF 19-7); *see also* Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a). Defendant, however, responded by essentially requesting serial extensions, ultimately failing to meet the extended deadlines. (*See* ECF 19-7 ¶¶ 1-4). In its response brief to the motion, Defendant does not offer any good reason for its failure to respond to the discovery requests, but instead posits that the motion to compel was "wholly unnecessary . . . as a simple consent order would have been sufficient." (ECF 20 at 1). But given that Defendant

3

repeatedly failed to produce the outstanding discovery responses by the applicable deadlines, Plaintiff's filing of the motion to compel seems quite justified. Consequently, the Court will GRANT the motion to compel to the extent it asks the Court to order Defendant to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. *See, e.g.*, *Redmond*, 2009 WL 212974, at *1 (granting plaintiff's motion to compel where defendants appeared to have "entirely ignored the plaintiff's discovery requests").

Plaintiff also asks the Court to order Defendant to supplement certain documents that it did produce to Plaintiff. Specifically, Plaintiff seeks the native format of six .pdf files regarding the termination of individuals who worked for Defendant from December 2020 to 2024, asserting that certain spreadsheets produced by Defendant "appear to cut off the words describing the reasons for the individuals' terminations of employment." (ECF 19-6; *see* ECF 19-2 to 19-5). Defendant opposes this request, asserting that "it is difficult, if not impossible to tell, how the reasons for other unrelated employee terminations are germane to [Plaintiff's] claims and issues of this particular case." (ECF 20 ¶ 3). As such, Defendant argues that this request for supplemental documentation is "disproportionate and . . . outside the scope of permissible discovery." (*Id.*).[1]

The record is not sufficiently developed at this juncture to order Defendant to produce the supplemental termination information Plaintiff seeks. Plaintiff has not identified the specific discovery request to which this supplemental information is purportedly responsive to, *see* N.D. Ind. L.R. 26-2(b), (c), and as a result, the Court cannot assess the requested information's relevancy, or

---

[1] Defendant claims in its response brief that the termination information was "redacted" from the spreadsheets it produced. (ECF 20 ¶ 3). The Court notes that if that is the case, then the information is certainly readily available for production to Plaintiff. In fact, Defendant will have to produce at least some of this termination information in response to Interrogatory No. 3(h), which requests the reason for termination of any employee who reported to the same supervisor as Plaintiff between January 1, 2022, to the present. (*See* ECF 19-9 at 5-6).

whether Defendant has waived any objection to producing the requested information. Therefore, to the extent that Plaintiff's motion asks that the Court compel Defendant to produce the supplemental termination documentation, that part of the motion will be denied without prejudice.

As a final matter, Plaintiff requests that the Court award him the reasonable expenses he incurred in filing the motion to compel, including attorney fees, pursuant to Federal Rule of Civil Procedure 37(a). (ECF 19 at 2). The Court will provisionally grant this request—pending Plaintiff's filing of a fee affidavit—to the extent that such expenses pertain to Defendant's failure to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.

### *D. Conclusion*

For the foregoing reasons, Plaintiff's motion to compel (ECF 19) is GRANTED IN PART and DENIED IN PART without prejudice. The motion is GRANTED to the extent that Defendant is ORDERED to answer Plaintiff's First Set of Interrogatories and produce all responsive documents to Plaintiff's First Requests for Production (ECF 19-9) on or before January 22, 2025. The motion (ECF 19) is DENIED without prejudice to the extent it seeks an order compelling Defendant to produce the requested supplemental termination documentation.

Further, Plaintiff's request for expenses under Rule 37(a) is PROVISIONALLY GRANTED to the extent such expenses pertain to Defendant's failure to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. Plaintiff is AFFORDED to and including February 19, 2025, to file a fee petition in support, and Defendant is afforded 14 days thereafter to file a brief in response, if any.

SO ORDERED. Entered this 8th day of January 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge