**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **TONY TRIBBLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:23-cv-00532-HAB-SLC** |
| | ) | |
| **ACI FEDERAL INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

On January 8, 2025, this Court entered an Opinion and Order (the "Order") granting in part and denying in part Plaintiff's motion to compel Defendant to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents (the "Discovery Requests") and to supplement a document production. (ECF 23; *see* ECF 19). In doing so, the Court provisionally granted Plaintiff's request to award him the reasonable expenses that he incurred in filing the motion to compel, pursuant to Federal Rule of Civil Procedure 37(a), "to the extent that such expenses pertain to Defendant's failure to respond to the [Discovery Requests]." (ECF 23 at 5). The Court afforded Plaintiff to and including February 19, 2025, to file a fee affidavit in support of his fee request. (*Id.*).

Now before the Court is Plaintiff's motion for attorney fees filed on February 19, 2025, seeking $3,808.75 in attorney fees (ECF 27), together with Plaintiff's counsel's declaration (the "Declaration") (ECF 27-3) and a computer-generated transaction report reflecting fees billed ("Transaction Report") (ECF 27-2). On March 5, 2025, Defendant filed an objection to the fee request, citing Plaintiff's failure to delineate what fees were dedicated to the Discovery Requests (ECF 30 ¶¶ 2-3), and asserting that the fees requested are "patently unreasonable" (*id.* ¶ 4). The

motion is now ripe for ruling.

### A. Applicable Legal Standard

Federal Rule of Civil Procedure 37(a)(5) governs the imposition of expenses and

sanctions related to a motion to compel. It provides, in pertinent part:

> (A) If the motion is granted–or if the disclosure or requested discovery is
> provided after the motion was filed–the court must, after giving an opportunity to
> be heard, require the party or deponent whose conduct necessitated the motion,
> the party or attorney advising that conduct, or both to pay the movant's
> reasonable expenses incurred in making the motion, including attorney's fees. But
> the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the
> disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially
> justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Further, if the motion to compel is granted in part and denied in part, "the

court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the

motion." Fed. R. Civ. P. 37(a)(5)(C).

This Rule "presumptively requires every loser to make good the victor's costs[.]" *Rickels v. City

of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994). Such fee-shifting "encourages . . . voluntary

resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap

detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787.

Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Id.* at

786-87 (citation omitted).

Nonetheless, Rule 37(a)(5) mandates that only "reasonable expenses" be awarded. Fed. R. Civ.

P. 37(a)(5)(A). "Accordingly, the only fees this Court will grant will be those that (a) the movant

2

demonstrably incurred; (b) are reasonable; and (c) are in fact the product of [the non-movant's] failure [to comply with discovery requests and rules]." *Maxwell v. South Bend Work Release*, No. 3:09-CV-008, 2010 WL 4318800, at *4 (N.D. Ind. Oct. 25, 2010) (citations omitted).

### *B. Analysis*

Plaintiff's motion is deficient at the outset, as nowhere in his filings does Plaintiff actually articulate the number of hours his counsel billed on the motion to compel, much less the portion of that time dedicated to the Discovery Requests. (*See* ECF 27, 27-2, 27-3). Having said that, the Declaration represents that counsel bills $275 per hour. (ECF 27-3 ¶ 4). Dividing the amounts in the entries on the Transaction Report, by counsel's hourly rate, reveals that counsel billed a total of 13.85 hours on the motion to compel—13 hours for drafting and finalizing the motion, 45 minutes for drafting a Rule 37.1 letter, and 6 minutes for a phone call and email. (*See* ECF 27-2 at 2). As stated earlier, there is no indication that Plaintiff deducted any time spent on the unsuccessful portion of the motion to compel—that is, the time spent seeking to compel the supplementary document production.

Defendant objects to the fee request on two grounds. First, Defendant argues that the fee request should be denied in whole or in part because Plaintiff failed to comply with the Order's directive to seek fees only for the portion of time spent to compel the Discovery Requests. (ECF 30 ¶ 3 ("Instead of delineating what fees were dedicated to the unanswered discovery, Plaintiff simply submitted his time wholesale.")). Second, Defendant argues that the amount of fees are "patently unreasonable" because the Transaction Report reflects that Plaintiff wrote a Rule 37.1 letter about the dispute in just 45 minutes, but then spent 13 hours on a two-page motion to compel and a four-page brief based on the same information as in the letter. (*Id.* ¶¶ 5-7; *see* ECF 30-2). As Defendant sees it, "[i]t is hard to fathom how it took Plaintiff's counsel the better part of two working days to write a motion to compel that had

3

already been partially researched and drafted in 45 minutes." (ECF 30 ¶ 6). As such, Defendant argues

that if fees are awarded, "they should not exceed $700.00." (*Id.* ¶ 7).

Having duly considered Plaintiff's motion, and Defendant's objections thereto, the Court

concludes that the fees requested by Plaintiff are indeed unreasonable, and therefore, must be reduced.

To reiterate, Plaintiff's motion to compel was granted in part and denied in part, and the Order stated

that the Court would grant fees to the extent they pertain to Defendant's failure to respond to the

Discovery Requests. (ECF 23 at 5). Yet, Plaintiff's fee request fails to address the time spent on the

Discovery Requests versus the time spent on supplemental document production. Further, as to the

reasonableness of the hours billed, "billing approximately one hour per page [on a motion to compel] is

not unreasonable on its face." *Struve v. Gardner*, No. 1:19-cv-04581-RLY-MJD, 2021 WL 1948868, at

*2 (S.D. Ind. May 14, 2021) (collecting cases); *see also Rehder v. KMM Corp.*, No. 1:22-cv-00419-

HAB-SLC, 2023 WL 6619425, at *3 (N.D. Ind. Oct. 10, 2023) (citations omitted). Here, Plaintiff billed

13 hours for drafting a two-page motion, a four-page supporting brief, a three-page Local Rule 37-1

certification, and a one-page proposed form of order (*see* ECF 19, 19-1, 19-7, 19-8), which appears

slightly excessive under the circumstances presented.

Consequently, the Court will reduce Plaintiff's requested fees for 13.85 hours of attorney time to

9 hours, due to Plaintiff's failure to delineate the time spent on the Discovery Requests versus the

supplemental document production, and due to the unreasonableness of the number of hours billed.

Therefore, Plaintiff's motion will be granted in part and denied in part, and Plaintiff's requested fee

award of $3,808.75 will be reduced to $2,475.

### C.  Conclusion

For the reasons stated herein, Plaintiff's motion for attorney's fees (ECF 27) is GRANTED IN

PART and DENIED IN PART. Defendant is ORDERED to pay Plaintiff an attorney fee award of

$2,475 on or before May 12, 2025, for 9 hours of attorney work that Plaintiff incurred in litigating his

motion to compel (ECF 19), which was granted in part and denied in part in the Court's Order (ECF 23).

SO ORDERED.

Entered this 10th day of April 2025.

/s Susan Collins
Susan Collins
United States Magistrate Judge

5